## Hoy *v.* Smith.

NON-SUIT.—It is error for the court to grant a non-suit upon the defendant's motion, and against the will of the plaintiff, his objection being made at the time and an exception duly taken.

IDEM.—If the law was against the plaintiff, the court might of its own motion, or upon the request of the defendant, have instructed the jury to find for the defendant, and if the court so held, or believed, it would have been its duty to so instruct.

(Reaffirming, *Mulhern* v. *The Union Pacific Railway Company.*)

ERROR to the District Court of Uinta County.

The facts are stated in the opinion.

*H. Garbanati,* for plaintiff in error.

*W. W. Corlett,* for defendant in error.

SENER, C. J. This was an action commenced in the justice's court by the plaintiff in error against the defendant in error; defendant took a change of venue to another justice, and on trial by a jury, plaintiff obtained a verdict for the amount claimed. Defendant then appealed to the dis-

trict court, where a trial of the case was begun by a jury. The action was for the recovery of the amount paid for a trunk, which the agent of the defendant warranted as " sole feather," but which turned out to be pasteboard, covered with a thin coating of leather, with springs to support the top, and give the elasticity of sole leather, but trimmed and finished in a stylish manner and covered with canvas, as the plaintiff in error claims.

After the plaintiff had closed his case, the defendant's counsel moved for a non-suit, which was granted, on the ground that "no man can be guilty of a *tort* by his agent." To the granting of which motion plaintiff excepts.

As we have shown in the case of *Mulhern* v. *The U. P. R. R.*, this day: a non-suit was grantable at common law for certain reasons therein stated, and is also allowable for certain reasons and on certain grounds stated in the Wyoming code. But this case is covered by none of them ; or rather the action of the judge who tried this case in the court below, is not authorized either by the common law or the Wyoming code, in granting a non-suit on the defendant's motion, and against the will of the plaintiff, his objection being made at the time and an exception duly taken. We will not go behind this action of the judge to decide whether the pleadings were sufficient or insufficient. If they were insufficient, *i. e.* if the law was against the plaintiff, the court of its motion, or upon the request of the defendant below, might have instructed the jury to find foi the defendant, and if the court so held or believed, it would have been its duty so to have instructed ; upon its granting or refusing such instruction, and proper exception taken at the time, a case could have been made up and brought here which it would be our duty to decide. But a trial by jury was begun in the lower court, *i. e.*, the district court in and for Uinta county, and the judge then presiding, the then Chief Justice Fisher, erroneously took the case from the jury and so prevented a trial. We will not try it for the first time here, nor will we pass upon the sufficiency of

the pleadings at this time. It will be observed that the case was brought in the justice's court, where great latitude always properly is allowed, and though tried *de novo* in the district court, where the parties had a right to amend or substitute new pleadings, under section 66, chapter 71, Compiled Laws of Wyoming, page 408, none such were substituted, nor did the parties of their own motion amend, nor were they required to do so.

The assignment of error, that the court below erred in taking the case from the jury by a *non-suit* against the plaintiff's will and over his objection and exception duly taken and presented at the time, and upon a writ of error here duly prosecuted, is sustained. It was not necessary, we think, to move for a new trial, which the plaintiff in error did out of abundant caution. There was no trial; the meaning of a *non-suit* is that the plaintiff does not proceed to a trial. A jury having been impanneled, the plaintiff was entitled to a verdict, and of this he could only be deprived by his consent; here it was entered against his consent; he excepted, his exception then, as we have said, was well taken, and his assignment of errors sustained. Wherefore the judgment entered in the court below, at the July term, 1878, must be annulled and set aside, and this case remanded to said court for a trial to be had therein in conformity with this opinion; the plaintiff in error to have his costs in both courts.

Ordered accordingly.